UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARKIEL LEWIS SMITH,                           22-CV-00150-JLS-MJR

        Plaintiff,                              DECISION AND ORDER

v.

DEPUTY SMICHT, *et al.*,

        Defendants.
_____

This case has been referred to the undersigned by the Honorable John L. Sinatra, Jr., for all pre-trial matters, including the hearing and determination of non-dispositive motions. (Dkt. No. 19) Before the Court are plaintiff's motions to compel discovery and objections to defendant's discovery responses. (Dkt. Nos. 48, 49, 54) Also before the Court is plaintiff's motion to take defendant's deposition and plaintiff's motion for a settlement conference (Dkt. No. 34). Plaintiff's motions and discovery objections are decided in the manner set forth below.

*Background*

*Pro se* plaintiff Markiel Lewis Smith alleges that defendant Deputy Alex Gulisano violated his Fourteenth Amendment due process rights by failing to protect him from an assault by Joshmar Batiste-Navarro, a fellow inmate, on January 5, 2022, while Smith was incarcerated at the Monroe County Jail.[1] (Dkt. No. 41) Specifically, plaintiff alleges that he informed Gulisano and other sheriff's deputies that certain inmates had threatened him with assault, and that defendant and others failed to take reasonable steps to protect

---

[1] Plaintiff's initial complaint named Deputy David Schmit as defendant. (Dkt. No. 1) On June 20, 2023, plaintiff withdrew the complaint as to Deputy Schmit and filed an amended complaint naming Deputy Alex Gulisano as defendant. (Dkt. Nos. 35, 36, 40, 41)

him, including failing to keep his cell door locked. (*Id.*) Plaintiff also alleges that Batista-Navarro was subject to some form of disciplinary sanction on January 5, 2022, and should not have been out of his cell. (*Id.*) A case management order was issued and discovery has been proceeding. (Dkt. No. 43)

On August 23, 2023, defendant provide plaintiff with initial disclosures as well as with two videos of the January 5, 2022 incident at Monroe County Jail. (Dkt. No. 53) Defendant also provided plaintiff with copies of his relevant medical records. (*Id.*)

On September 14, 2023 and October 10, 2023, plaintiff filed motions asking the Court to compel defendant to respond to his discovery demands, including his interrogatory requests and requests for production of documents. (Dkt. Nos. 48, 49) On November 14, 2023, defendant filed a response indicating that he had provided responses to both plaintiff's interrogatories and document requests, and that it was defendant's position that fact discovery was now complete. (Dkt. No. 53) On November 22, 2023, plaintiff filed a letter raising various objections to defendant's discovery responses. (Dkt. No. 54) Defendant filed a response on December 6, 2023. (Dkt. No. 58)

*Plaintiff's Objections to Discovery*

Plaintiff seeks certain information regarding the disciplinary records of inmate Joshmar Batista-Navarro, including information as to what disciplinary sanctions Batista-Navarro received as a result of a fight on December 22, 2021. (Dkt. No. 54) In response, defendant has produced documents showing that Batista-Navarro was found guilty of an inmate fight following a disciplinary hearing on December 23, 2021, and that, as a result, Batista-Navarro was placed on putative segregation from December 27, 2021 through

December 30, 2021. (Dkt. Nos. 58, 58-3) Thus, plaintiff has been provided with the relevant information and his discovery request is denied as moot.

In his request for production of documents, plaintiff states that it is his understanding that "the Monroe County Jail has a central control room from which officers monitor the rest of the jail remotely, and can also open and close cell doors remotely [and that] [i]t is also [his] understanding that all of the daily activity is…recorded there." (Dkt. No. 58-1) Plaintiff requests any records as to the "movements and opening and closing of the cells in the 2M East High cell block" on January 5, 2022, including information as to what cells were "double locked", or what cells should have been "double lacked." (Dkt. Nos. 54, 58-2) Defendant has responded, on two separate occasions, that Monroe County Jail does not have a central control room that records either the opening and closing of cell doors within the jail, or that monitors such activity jail-wide, and therefore such records do not exist and cannot be produced. (Dkt. Nos. 58, 58-4) Because defendant represents that the records sought do not exist, plaintiff's request is denied as moot.

Plaintiff seeks video footage from near the officer's desk on the 2M floor of the Monroe County Jail, on January 5, 2022, between 2:00 p.m. and 3:45 p.m., prior to the incident which is the subject of this lawsuit. (Dkt. No. 58-4) Plaintiff contends that he had had a conversation with several sheriff's deputies at that time, including defendant, wherein he informed the deputies of threats to his safety. (Dkt. Nos. 58, 58-1) Defendant responds that to the extent that video footage of this interaction was taken, it no longer exists. (Dkt. No. 58-4) Defendant states that video is maintained by the Monroe County Sheriff for a period of six months, after which time it is destroyed. (*Id.*) Defendant notes

that video of the actual incident which is the subject of plaintiff's lawsuit was preserved and has been produced to plaintiff. (*Id.*) Defendant also notes that video footage from the Monroe County Jail contains no sound. (Dkt. No. 58, pg. 3) Thus, even if video footage from prior to the incident was still in existence, the substance or content of the conversation between plaintiff and the deputies would not have been captured. (*Id.*) Because defendant represents that the video footage requested by plaintiff does not exist, plaintiff's request is denied as moot.[2]

In sum, all of the discovery requested by plaintiff either (1) has been provided to him or (2) is not in existence.[3] Thus, plaintiff's motions to compel (Dkt. Nos. 48, 49) are denied as moot.

<u>Plaintiff's Request to Take Defendant's Deposition</u>

Plaintiff has filed a motion requesting to take defendant's deposition. (Dkt. No. 34) The Federal Rules of Civil Procedure do not prohibit or limit a plaintiff's ability to depose

---

[2] Plaintiff contends that defendant is lying about the existence or destruction of video footage from before the January 5, 2022 incident. (Dkt. No. 54) In support of this theory, plaintiff notes that the video pertaining to the incident itself was not destroyed upon expiration of the six month timeframe cited by defendant, even though the instant lawsuit had not yet been filed. Defendant responds that the video of the incident itself, which has been turned over to plaintiff, was retrieved immediately after the incident and preserved as part of standard jail protocol for investigating incidents. Defendant explains that, in contrast, the prior video footage plaintiff is now requesting was not related to any incident that was reported and/or investigated, and therefore the footage would have been deleted upon expiration of the six-month period, pursuant to Monroe County Jail's standard policy. The Court is satisfied as to defendant's explanation regarding the video footage from prior to the January 5, 2022 incident. The Court has no reason to believe that defendant has made any misrepresentations about the existence of such video footage, nor is there any indication here that defendant is attempting to avoid turning over discoverable evidence.

[3] To the extent plaintiff contends that defendant has not answered all of his interrogatories, the Court rejects this objection. Defendant has produced documents showing that plaintiff served 7 interrogatories on defendant and that defendant answered each one. (Dkt. Nos. 58-1, 58-2) Although defendant set forth general objections at the beginning of his interrogatory responses, defendant did not specifically object to any of plaintiff's interrogatories and, in fact, provided a specific response to each request. (*Id.*)

opposing parties or witnesses based on a plaintiff's status either as a prisoner or a *pro se* litigant. *See* Fed. R. Civ. P. 30. So long as plaintiff provides proper notice to defendant and bears all costs related to the taking of a deposition, he need not seek leave of the Court to proceed. *Id.* However, "deposition by inmate litigants pose logistical issues, especially if these litigants are proceeding as poor persons," *Nowlin v. Lusk*, 11-CV-712, 2014 U.S. Dist. LEXIS 10341 (W.D.N.Y. Jan. 28, 2014). First, prison order and security concerns may "weigh against plaintiff's request to conduct oral depositions." *Whiteside v. Thalheimer*, 1:13-cv-408, 2015 U.S. Dist. LEXIS 64591 (S.D. Ohio May 18, 2015). Second, "[t]he costs of a deposition (the fees for swearing the oaths for testimony, the costs of recording testimony, and, if by remote means, the costs of setting up the recording) is usually borne by the party taking the deposition, even when that party is proceeding *pro se* and granted *in forma pauperis* status." *Nowlin,* 2014 U.S. Dist. LEXIS 10341. "A defendant is not required to advance a plaintiff's stenographic and transcription deposition expenses merely because a plaintiff is unable to pay for such expenses.... [n]or does the *in forma pauperis* statute, 28 U.S.C. § 1915, require the Government to advance funds for deposition expenses." *Sunegova v. Vill. of Rye Brook*, 09-CV-4956, 2011 U.S. Dist. LEXIS 147769 (S.D.N.Y. Dec. 22, 2011) (internal citations omitted).

In light of these logistical and financial obstacles, many incarcerated *pro se* plaintiffs utilize other discovery devices such as interrogatories, document requests, or deposition by written question. *See Woodward v. Mullah*, 08-CV-00463, 2010 U.S. Dist. LEXIS 44174 (W.D.N.Y. Feb. 22, 2010) (despite financial limitations, plaintiff "is not without means to investigate his case" by using document demands, interrogatories and deposition upon written questions); *McConnell v. Pepp*, 89 Civ. 2604, 1991 U.S. Dist.

LEXIS 3929 (S.D.N.Y. April 3, 1991) ("Considering that plaintiff is an incarcerated prisoner proceeding *in forma pauperis*, we believe that the service of interrogatories by plaintiff is a more practical means of discovery."). Here, plaintiff has already propounded interrogatories and document requests, which defendant has responded to. Plaintiff may also utilize deposition by written question, pursuant to Rule 31 of the Federal Rules of Civil Procedure, as an easier and cheaper option than attempting to conduct an oral deposition of defendant.

Plaintiff's motion to depose defendant is denied, without prejudice to plaintiff's right to properly notice this deposition pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure. In connection with the notice, plaintiff must file a plan explaining the manner in which the deposition will proceed; how it will be recorded and transcribed; and how he will pay for all costs associated with the deposition, including those of a court reporter and the production of a transcript. *See Breedlove v. Mandell*, 05-CV-6279, 2009 U.S. Dist. LEXIS 15741 (W.D.N.Y. Feb. 25, 2009) ("A litigant proceeding *in forma pauperis* does not have a right to a waiver of the cost of a deposition stenographer."). Plaintiff is advised to consider whether it would be more practical to conduct the deposition by written question pursuant to Rule 31. The procedure would permit plaintiff to mail written questions to defendant which he would answer under oath. *See* Fed. R. Civ. P. 31.[4]

### Plaintiff's Request for a Settlement Conference

Prisoner civil rights cases, like this one, are exempt from automatic referral to mediation pursuant to Section 2.1(A) of the Western District of New York's Plan for

---

[4] Copies of Rule 30 and Rule 31 of the Federal Rules of Civil Procedure will be included with this Decision and Order for plaintiff's convenience.

6

Alternative Dispute Resolution Program (the "ADR" Plan).[5] Although the Court may require parties to appear at a settlement conference, the Court cannot force a party to make a settlement offer or settle the case. *See Yuan v. Hair Lounge Inc.*, 18-cv-11905, 2023 U.S. Dist. LEXIS 185007 (S.D.N.Y. Oct. 13, 2023) ("Although a court cannot force litigants to settle an action, it is well established that a court can require parties to appear for a settlement conference . . . .").

Defendant has given no indication that he is interested in or willing to engage in settlement discussions. In fact, defendant previously represented that a settlement conference would not be beneficial at this time. (Dkt. No. 53) Further, it is unclear as to whether discovery is complete and no dispositive motions have been filed. Thus, the Court does not find that a settlement conference is likely to be beneficial or fruitful at this stage of the litigation.

Accordingly, the Court denies plaintiff's motion for a settlement conference without prejudice to the Court's ability to schedule such a conference, at a later date, should the parties either jointly request such a conference or should the Court determine, *sua sponte*, that settlement discussions may be appropriate and productive.

<u>Conclusion</u>

For the foregoing reasons, plaintiff's motions to compel discovery are denied as moot. (Dkt. Nos. 48, 49) Plaintiff's motion to take defendant's deposition (Dkt. No. 34) is denied without prejudice, subject to plaintiff filing the proper notice and plan as explained above. **Such notice and plan shall be filed within twenty days of entry of this order.** Plaintiff's motion for a settlement conference is denied without prejudice.

---

[5] The ADR Plan is available at https://www.nywd.uscourts.gov/alternative-dispute-resolution.

While it appears that most of fact discovery is now complete, it is not clear as to whether all depositions, either oral or by written question, have yet to be completed. Upon entry of this Decision and Order, the Court will issue a Case Management Order extending the remaining discovery dates for a period of sixty days. Plaintiff's prior motion to extend the scheduling order (Dkt. No. 50) is denied as moot.

**SO ORDERED.**

Dated:    March 25, 2024
         Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge